## FIRST HERITAGE LIFE ASSURANCE COMPANY
### v. JAMES K. BUTLER

5-5297 455 S. W. 2d 135

Opinion delivered June 22, 1970

*Allen & Young,* for appellant.

*Botts & Jenkins,* for appellee.

CONLEY BYRD, Justice. Appellant First Heritage Life Assurance Company sold to appellee James K. Butler a $50.00 per week total disability income policy which also contained coverage for hospital benefits. On August 17, 1968, appellee suffered a heart attack and as a result was hospitalized for 21 days. Appellee thereafter brought suit for total disability under clause (c) of the policy at the rate of $7.14 per day and under clause (d) for hospital benefits at the rate of $50.00 per day. The parties compromised the clause (c) coverage upon tender of $7.14 per day but the insured refused appellant's tender of $7.14 per day for hospital benefits. The trial court held that clause (d) provided $50.00 per day coverage for hospital benefits and assessed a 12% penalty and attorney's fees against appellant. For reversal appellant relies upon the following points:

"I. The language of clause (d) is not ambiguous in that its ordinary and plain meaning is that the appellee/insured is to receive hospitalization benefits at the rate of $7.14 a day.

II. The meaning of the wording in clause (d) is controlled by the interpretation the parties have previously placed upon identical wording in clause (c) whereby appellee was entitled to benefits at the rate of $7.14 a day."

Clauses (c) and (d) of the policy provide:

"(c) TOTAL DISABILITY—SICKNESS. When such sickness causes total disability . . . the Company will periodically pay at the rate of the regular weekly benefit stated in the policy schedule for one day or more beginning with the date of the first medical treatment during disability, so long as the Insured lives. . .

(d) HOSPITAL BENEFIT—ACCIDENT OR SICKNESS. If the Insured is confined within a hospital as a regular in-patient for one day or more during a period of total disability for which indemnity is payable under this Part II, the Company will, in addition to any other benefits payable, pay an amount per day at the rate of the regular weekly benefit stated in the policy schedule for the period of such hospital confinement, commencing with the first day of such confinement, . . ."

The policy schedule provides:

"Weekly Accidental Death Benefit $50.00.
Weekly Benefits for Total Disability from Accident or Sickness $50.00."

We agree with the trial court that clause (d) is ambiguous. The cardinal rule of insurance law is that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insuror. When clause (d) is considered in the light most favorable to the insured it becomes obvious that the reference to "the rate of the regular weekly benefit stated in the policy" is used in the context of the amount of the weekly benefit. When used in that context the policy can be read as providing: *the Company will, in addition to any other benefits payable, pay an amount per day at the rate of $50.00.*

Under its second point appellant argues that since both clause (c) and clause (d) contain the identical phrase "at the rate of the regular weekly benefit stated in the policy schedule" and since the insured interpreted clause (c) as providing coverage of only $7.14 per day, the insured should be bound by the interpretation given to the phrase in clause (c). We find no merit in the contention. In clause (c) the prepositional phrase, "at the rate of the regular weekly benefit stated in the policy schedule," is used as an adverb to qualify the intransitive verb "pay". In clause (d), however, the

identical phrase is used as an adjective to describe the noun "amount". The different constructions given to the identical phrase are not inconsistent because as an adverb under clause (c) the phrase qualifies the verb "pay" to show HOW the Company will pay, but as an adjective under clause (d) it describes the AMOUNT the Company will pay per day.

Affirmed.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I respectfully dissent. I do not agree that clause (d) is ambiguous. The majority has construed the clause as if it read: "the Company will, in addition to any other benefits payable, pay an amount per day * * * of the regular weekly benefit stated in the policy schedule for the period of such hospital confinement." This gives the omitted words "at the rate" no significance or meaning whatever. We are not privileged to do this, however strictly the contract should be construed against the insurer. The courts are not warranted in importing an ambiguity into a policy which does not exist or in forcing an unnatural or perverted meaning from plain words under the guise of construction. *Looney* v. *Allstate Insurance Company*, 392 F. 2d 401 (8th Cir. 1968); *Jefferson Insurance Co.* v. *Hirchert*, 281 F. 2d 396 (8th Cir. 1960); *Bergholm* v. *Peoria Life Insurance Co.*, 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416 (1932).

I respectfully suggest that one or the other of the forbidden steps must be taken to affirm this judgment. "At the rate of" does not and cannot mean "in the amount of." Rate implies a ratio, proportion, a fixed relation between two things. It means a payment according to a ratio, scale or standard. See Webster's Third New International Dictionary. It means the proportion or standard by which quantity or value is adjusted. See Black's Law Dictionary, Fourth Edition.

I do not agree with appellant that by accepting payments under clause (c) the parties have construed clause (d). There are two different standards in these clauses. In (c) the company is to pay *periodically* at the rate of the regular weekly benefit for one day or more. In clause (d) the company, in addition to other benefits will pay an amount *per day* at the rate of the weekly benefit.

If the weekly benefit is $50, then the amount to be paid by the company per day at the *rate* of the regular weekly benefit can only be $7.14.

I would reverse the judgment.