## COOPER TIRE & RUBBER COMPANY *v.* NORTHWESTERN NATIONAL CASUALTY COMPANY et al

80-36                                   595 S.W. 2d 938
Supreme Court of Arkansas
Opinion delivered April 7, 1980

*Brown, Compton & Prewett, Ltd.,* by: *William I. Prewett,* for appellant.

*Shackleford, Shackleford & Phillips,* P.A., for appellees.

DARRELL HICKMAN, Justice, Jerry Ralph Dumas, an employee of Cooper Tire & Rubber Company, the appellant, was injured in an automobile accident. So were his wife and son. They sued one James L. Shutes and obtained a default judgment totaling $165,000.00 Shutes was uninsured.

Cooper had advanced the Dumases over $12,000.00 in medical payments as provided for in Cooper's major medical plan for its employees. The Cooper benefit plan was for certain employees in addition to their salary.

Dumas had an automobile liability policy with Northwestern National Casualty Company which included up to $20,000.00 coverage for damages caused by an uninsured motorist. He paid a premium for this coverage.

This suit was an effort by Cooper to recover from Northwestern the $12,000.00 it had advanced to the Dumases. The chancellor, after referring to the existing law, and studying Cooper's policy, denied Cooper's claim. He also mentioned such action would be inequitable.

On appeal Cooper argues the chancellor was wrong in concluding it would be inequitable to allow Cooper to recover the medical expenses it had paid the Dumases.

Subrogation is a doctrine steeped in equity and generally governed by equitable principles. See *Baker, Adm'r.* v. *Leigh,* 238 Ark. 918, 385 S.W. 2d 790 (1965); *Cooper* v. *Home Owners Loan Corp.,* 197 Ark. 839, 126 S.W. 112 (1939); *Southern Cotton Oil Co.* v. *Napoleon Hill Cotton Co.,* 108 Ark. 555, 158 S.W. 1052; and, 73 Am. Jur. 2d, Subrogation § 16.

However, in this case it is not necessary that we apply any equitable principles governing subrogation. We need go no further than certain language from Cooper's plan and apply one principle of law to that language. That language is contained in the first reference to Subrogation in Cooper's plan. It reads:

> Subrogation—In the event an Employee, dependent of Employee, or surviving spouse or surviving dependent of deceased Employee is legally entitled to recover cost of service or prescription drug from a third party; the Company, upon making payment to the Employee, should be reimbursed by the Employee when he receives payment on the claim, *except when insuror is for an individual policy for which the Employee is paying premiums.* [Emphasis added.]

The language we have emphasized applies to this case. Dumas had paid Northwestern for this uninsured coverage and strictly construing the language of the policy, we find it

excludes any right to subrogate against an insured such as Northwestern.

Cooper's argument that other language in the policy controls this case is not convincing. The language is located in the second reference to Subrogation in Cooper's plan. It reads:

> Subrogation—In the event an Employee or a dependent of an Employee including the surviving spouse or a surviving dependent of a deceased Employee is legally entitled to recover all or a portion of the cost of a service or prescription drug covered by this Plan from a third party, the Company will upon making payment under this Plan succeed to any rights of recovery the Employee or dependent may have or acquire (with respect to such service or prescription drug) against any person or organization *except insurors of individual hospital, surgical, or medical policies issued to the Employee or dependent.* [Emphasis added.]

Cooper points out the emphasized language is controlling; that Northwestern, being a liability insuror, is not excepted by this language.

A cardinal rule of insurance law is that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insuror. *Ritter* v. *United States Fidelity & Guaranty Co.,* 573 F. 2d 539 (8th Cir. 1978); *Courson* v. *Maryland Cas. Co.,* 475 F. 2d 1030 (8th Cir. 1973); and *First Heritage Life Assurance Co.* v. *Butler,* 248 Ark. 1164, 455 S.W. 2d 135 (1970). There is no doubt the language in Cooper's plan is difficult to reconcile. However, when we consider the language in a light most favorable to the insured, we must conclude that Cooper cannot recover any money due the Dumases by Northwestern.

Affirmed.