James C. BRANSCUMB *v.* Clinton FREEMAN

04-147                                             200 S.W.3d 411

Supreme Court of Arkansas
Opinion delivered December 16, 2004

*Becky A. McHughes* and *Josh E. McHughes*, for appellant.

*Bennie O'Neil*, for appellee.

A NNABELLE CLINTON IMBER, Justice. The issue on appeal is whether a cause of action for negligence arises against the owner of an uninsured motor vehicle based solely upon a violation of the Arkansas Motor Vehicle Safety Responsibility Act, Ark. Code Ann. § 27-19-101, *et seq.* (2004), and the Arkansas Motor Vehicle Liability Insurance Act, Ark. Code Ann. § 27-22-101, *et seq.* (2004). Because this is a matter of first impression, we have jurisdiction pursuant to Rule 1-2(b)(1) of the Arkansas Rules of the Supreme Court.

Appellee Clinton Freeman allowed Jonathan D. Bell to test drive his uninsured 1992 Honda motorcycle on October 30, 1999. While operating the motorcycle, Bell entered an intersection but failed to stop at a stop sign, whereupon the motorcycle collided

with a vehicle driven by Appellant James C. Branscumb. Branscumb filed a complaint in circuit court against both Bell and Freeman in which he alleged that Freeman was negligent in allowing Bell to operate his vehicle without insurance as required by Ark. Code Ann. §§ 27-22-104 & 27-19-711 (2004). He also alleged in the complaint that the accident was proximately caused by Bell's negligence in failing to stop at the stop sign. The circuit court determined that Freeman was sued by Branscumb solely on the basis that Freeman owned an uninsured motorcycle that a third party was driving when, as a result of the driver's alleged negligence, the motorcycle collided with the vehicle operated by Branscumb. Based on the pleadings, the court ruled that Branscumb failed to state a claim under Arkansas law against Freeman and, therefore, dismissed the complaint against Freeman.

Branscumb initially appealed the dismissal of his claim against Freeman to the Arkansas Court of Appeals. On September 17, 2003, the Court of Appeals dismissed the appeal for lack of a final order in that the judgment did not dispose of Branscumb's additional claim against the separate defendant Bell. *Branscumb v. Freeman,* CA02-1030, slip op. at 1-2 (Ark. App. Sept. 17, 2003). The circuit court subsequently disposed of the case by entering summary judgment in favor of Branscumb on his claim against Bell, finding that Bell's negligence in failing to stop proximately caused the accident. Following entry of a final order on December 3, 2003, Branscumb timely filed a second notice of appeal, contending that the trial court erred in dismissing his claim against Freeman.[1]

We have repeatedly set forth our standard of review for orders of dismissal pursuant to Ark. R. Civ. P. 12(b)(6). *Clayborn v. Bankers Standard Ins. Co.,* 348 Ark. 557, 75 S.W.3d 174 (2002). This court reviews a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *King v. Whitfield,* 339 Ark. 176, 5 S.W.3d (1999); *Neal v. Wilson,* 316 Ark. 588, 873 S.W.2d 552 (1994). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in plaintiff's favor. *Rothbaum v. Arkansas Local Police & Fire Retirement Sys.,* 346 Ark. 171, 55 S.W.3d 760 (2001); *Martin v. Equitable Life Assurance Soc. of the U.S.,* 344 Ark. 177, 40 S.W.3d 733 (2001). Our rules

---

[1] We issued a *Per Curiam* opinion ordering Branscumb to rebrief, as the addendum was deficient. *Branscumb v. Freeman,* 357 Ark. 644, 187 S.W.3d 846 (2004).

require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. Ark. R. Civ. P. 8(a)(1); *Grine v. Board of Trustees,* 338 Ark. 791, 2 S.W.3d 54 (1999); *Brown v. Tucker,* 330 Ark. 435, 954 S.W.2d 262 (1997).

This appeal also requires us to determine the intent and application of the Arkansas Motor Vehicle Safety Responsibility Act and the Arkansas Motor Vehicle Liability Insurance Act. We review statutory interpretation appeals *de novo,* as it is for us to decide the meaning of the statute. *Premium Aircraft Parts, LLC v. Circuit Court of Carroll County,* 347 Ark. 977, 69 S.W.3d 849 (2002).

The underlying lawsuit is a subrogation claim. In *St. Paul Fire & Marine Insurance Co. v. Murray Guard, Inc.,* 343 Ark. 351, 37 S.W.3d 180 (2001), we said subrogation is an equitable remedy that rests upon principles of unjust enrichment and attempts to accomplish complete and perfect justice among the parties. *Id.* *(citing Blackford v. Dickey,* 302 Ark. 261, 789 S.W.2d 445 (1990); and *Baker v. Leigh,* 238 Ark. 918, 385 S.W.2d 790 (1965)). We have further said that the elements of subrogation are as follows: 1) a party pays in full a debt or an obligation of another or removes an encumbrance of another, 2) for which the other is primarily liable, 3) although the party is not technically bound to do so, 4) in order to protect his own secondary rights, to fulfill a contractual obligation, or to comply with the request of the original debtor, 5) without acting as a volunteer or an intermeddler. *Id. (citing Blackford v. Dickey, supra).* Finally, we have said that subrogation is a doctrine of equity governed by equitable principles. *Id. (citing Cooper Tire & Rubber Co. v. Northwestern National Cas. Co.,* 268 Ark. 334, 595 S.W.2d 938 (1980); and *Federal Land Bank of St. Louis v. Richland Farming Co.,* 180 Ark. 442, 21 S.W.2d 954 (1929)).

In the instant case, Branscumb's insurance carrier, Guideone Insurance Company, paid his damages under the uninsured motorist clause of his policy. Under a theory of subrogation, Branscumb sought to recover damages in the amount of $9,163.83 by suing the person(s) who allegedly were responsible for his injuries — Bell, for negligently operating the motorcycle and Freeman for failing to insure the motorcycle. Branscumb submits that the owner's failure to keep insurance on his motorcycle should be evidence of negligence under the Arkansas Motor Vehicle Safety Responsibility Act, Ark. Code Ann. § 27-19-101, *et seq.* (2004), and the Arkansas Motor Vehicle Liability Insurance Act, Ark. Code Ann. § 27-22-101, *et seq.* (2004), and therefore his claim was improperly dismissed by the circuit court. We disagree.

Under the Motor Vehicle Safety Responsibility Act, the driver of a vehicle bears the responsibility of reporting an accident, and the penalty for failing to report an accident is license suspension.[2] Ark. Code Ann. §§ 27-19-501, 508 (Repl. 2004). Similarly, it is the driver's failure to file proof of insurance within 90 days of the accident that results in a presumption that the driver and the vehicle the driver is operating are uninsured. Ark. Code Ann. § 27-19-503 (Repl. 2004). In any event, the legislature has expressly provided that following an accident, the report and the security (if the vehicle is uninsured) required under the Act and any action taken by the enforcement agency, shall not be evidence of negligence in civil actions. Ark. Code Ann. § 27-19-621 (Repl. 2004).

Furthermore, subchapter seven of the Motor Vehicle Safety Responsibility Act does not provide for universal application; instead, it requires proof of financial responsibility for the future (i.e., mandatory liability insurance) and applies only to those persons "who have been convicted of or forfeited bail for certain offenses under motor vehicle laws or who have failed to pay judgments upon causes of action arising out of ownership, maintenance, or use of vehicles of a type subject to registration under the laws of this State." Ark. Code Ann. § 27-19-702 (Repl. 2004). *See Smith v. Shelter Mutual Ins. Co.*, 327 Ark. 208, 937 S.W.2d 180 (1997)(citing *State Farm Mutual Ins. Co. v. Cartmel*, 250 Ark. 77, 78, 463 S.W.2d 648, 649 (1971)); *Aetna Casualty & Surety Co. v. Simpson*, 228 Ark. 157, 306 S.W.2d 117 (1957).

The Motor Vehicle Liability Insurance Act, Ark. Code Ann. § 27-22-101, *et seq.* (Repl. 2004), is supplemental to and cumulative to the Motor Vehicle Safety Responsibility Act. Ark. Code Ann. § 27-22-102. Section 27-22-104 provides:

> (a)(1) It shall be unlawful for any person *to operate* a motor vehicle within this state unless the vehicle is covered by a certificate of self-insurance under the provisions of § 27-19-107, or by an insurance policy issued by an insurance company authorized to do business in this state.
>
> (2) Failure to present proof of insurance coverage at the time of arrest and a failure of the vehicle insurance database to show current

---

[2] The owner has the responsibility of making the report only if the driver is physically incapable of making the report. Ark. Code Ann. § 27-19-509 (Repl. 2004).

insurance coverage at the time of the traffic stop creates a rebuttable presumption that the motor vehicle is uninsured.

Ark. Code Ann. § 27-22-104 (Emphasis added). In addition, Ark. Code Ann. § 27-22-105 states:

(a) When *the operator of any motor vehicle* is involved in a motor vehicle accident in this state and the vehicle is found not to be adequately insured, as required by § 27-22-104(a)(1), the operator shall be deemed guilty of a Class A misdemeanor.

(b) In addition, if a person is convicted of driving an inadequately insured vehicle which has been involved in an accident under subsection (a) of this section, the court may order that the vehicle be impounded until proof of vehicle insurance coverage is made to the court. The *owner of the vehicle* impounded shall be responsible for all costs of impoundment.

Ark. Code Ann. § 27-22-105 (Emphasis added). The legislative history behind these pertinent statutes is reflected in the Publisher's Notes to Act 988 of 1991, Section 1:

MOTOR VEHICLES — LICENSING, REGISTRATION, AND INSURANCE — PENALTIES

"AN ACT TO PROMOTE PUBLIC HIGHWAY SAFETY BY GENERATING ADDITIONAL REVENUE FOR EMER-GENCY VEHICLES BY INCREASING THE FINE FOR FAILURE TO LICENSE MOTOR VEHICLES; TO PRO-VIDE FOR THE DISBURSEMENT OF THE FINE FOR FAILING TO LICENSE MOTOR VEHICLES; TO AMEND ARKANSAS CODE SECTIONS 27-22-103 AND 27-22-104(a) TO PROVIDE PENALTIES FOR SECOND AND THIRD OFFENSES OF THE MOTOR VEHICLE INSURANCE RE-QUIREMENT; TO AMEND ARKANSAS CODE TITLE 27, CHAPTER 14, SUBCHAPTER 3 TO PROVIDE ADDI-TIONAL PENALTIES FOR FAILURE TO REGISTER A MOTOR VEHICLE; AND FOR OTHER PURPOSES."

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF ARKANSAS:

SECTION 1. (a) It is hereby found and determined by the Gen-eral Assembly that there is a large number of motor vehicles within

this state which are not licensed; that this situation results in lost revenues to the state in the form of license fees not paid; that the owners of unlicensed motor vehicles most likely do not pay property taxes on such vehicles, thereby depriving local governments and school districts of vitally needed revenues; that it is probable that the owners of unlicensed new motor vehicles have not paid the sales tax on such new vehicles thereby depriving the state of a significant amount of tax revenues; that it is also probable that these owners have not complied with mandatory insurance requirements, thereby increasing the potential financial catastrophe to others involved in accidents with them; and that this act is designed to promote the enforcement of Arkansas' motor vehicle licensing laws.

(b)  It is further found and determined by the General Assembly that penalties for failure to obtain motor vehicle insurance are prescribed by Arkansas law; that enhancing penalties for second and third offenses of the liability insurance requirement will increase compliance with the requirement; therefore it is also the purpose of this act to enhance the penalties for repeat offenses of the liability insurance requirement.

■  Based on the plain language and the legislative history of these provisions, we decline to impose civil liability on a motor vehicle owner solely for failing to insure his or her motor vehicle. Under the above-quoted provisions, it is the operator of the motor vehicle, and not the owner, who is the focus of the statutory prohibition. Section 27-22-104(a)(1) makes it unlawful for any person to operate an uninsured motor vehicle. Similarly, a rebuttable presumption that a motor vehicle is uninsured only arises if there is no proof of insurance at the time of a traffic stop. Ark. Code Ann. § 27-22-104(a)(2). Section 27-22-103 authorizes fines against operators of uninsured motor vehicles. The legislature clearly intended to distinguish operators from owners of motor vehicles by imposing criminal liability solely on the operator of an uninsured motor vehicle that is involved in an accident, while the owner's responsibility is limited to paying the costs of impoundment. Ark. Code Ann. § 27-22-105. In distinguishing the operator from the owner, the legislature has recognized that an owner is not always the operator of the motor vehicle. Additionally, the legislative history indicates that the legislature's primary purpose in amending the automobile licensing and insurance laws was not to impose civil liability on motor vehicle owners, but to protect

against the loss of a significant amount of tax revenues. 1991 Ark. Law Acts 988, § 1 (1991) (codified at Ark. Code Ann. § 27-22-104 (2004)).

▮   Moreover, Branscumb's proposed theory would implicitly create a negligence *per se* cause of action. Under Arkansas law, in order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that *the breach was the proximate cause of the plaintiff's injuries. See Wilson v. Rebsamen Ins., Inc.,* 330 Ark. 687, 957 S.W.2d 678 (1997). In this case, a third party was operating Freeman's motorcycle when the accident occurred. Because Freeman's failure to insure the vehicle could never be the proximate cause of the accident and resulting injuries, Branscumb would only be able to prevail under a negligence *per se* theory of liability. As explained earlier, the relevant statutory provisions reflect no such intent by the legislature.

Branscumb further contends that this court has previously imposed civil liability where a statute is silent on the issue of civil liability. *Jackson v. Cadillac Cowboy, Inc.,* 337 Ark. 24, 986 S.W.2d 410 (1999); *Shannon v. Wilson,* 329 Ark. 143, 947 S.W.2d 349 (1997). His reliance on those cases, however, is misplaced. In *Shannon,* we said that the violation of Ark. Code Ann. § 3-3-202 (Repl. 1996), which prohibits the sale of alcohol to minors, by licensed alcohol vendors is evidence of negligence to be submitted to the jury. In so holding, we modified our judicially-created common law rule, as set forth in *Carr v. Turner,* 238 Ark. 889, 385 S.W.2d 656 (1965), under which providers of alcohol may not be held liable for damages arising out of the negligent operation of motor vehicles. The decision to modify our common law rule, however, was based in large measure upon the legislature's enactment of section 3-3-202. In that statute, the legislature explicitly expressed an intent to protect minors as a special class of citizens and it placed an affirmative duty on licensed vendors to safeguard against selling alcohol to minors. Similarly, in *Jackson v. Cadillac Cowboy, Inc.,* the court extended the holding in *Shannon* by recognizing a cause of action for negligence against licensed vendors who sell liquor to intoxicated persons. We concluded that the high duty of care imposed by the legislature on licensed alcohol vendors, as expressed in Ark. Code Ann. § 3-3-218(a) & (b) (Repl. 1996), was sufficient for us to extend the *Shannon* holding. *Jackson v. Cadillac Cowboy, Inc., supra.*

■ With regard to the instant case, *Shannon* and *Cadillac Cowboy* are clearly inapposite. In those cases, we relied upon the high duty of care that has been statutorily imposed on licensed alcohol vendors. In contrast, the legislature has taken no action to indicate its intent to specifically hold the *owner* of an uninsured motor vehicle responsible for a third party's operation of that vehicle based solely upon the uninsured status of the vehicle. The relevant statutes place the duty on the operator; that is, it is "unlawful for any person to operate" an uninsured motor vehicle, and it is the operator who may be criminally liable for "driving an inadequately insured vehicle which has been involved in an accident." Ark. Code Ann. §§ 27-22-104(a)(1) & 27-22-105. Accordingly, we decline to recognize a private cause of action for negligence against the owner of an uninsured motor vehicle based solely upon a violation of the Arkansas Motor Vehicle Safety Responsibility Act and the Arkansas Motor Vehicle Liability Insurance Act.[3]

Affirmed.

---

[3] The Missouri Court of Appeals made a similar holding in *Wise v. Crump,* 978 S.W.2d 1 (Mo. Ct. App. 1998).