Cliff BIEDENHARN *v.* Edward F. THICKSTEN

04-526                                    206 S.W.3d 837

Supreme Court of Arkansas
Opinion delivered April 14, 2005

*Oscar Stilley*, for appellant.

*Hardin, Jesson and Terry, PLC*, by: *Bradley D. Jesson* and *Rex M. Terry*, for appellee.

JIM GUNTER, Justice. This appeal arises from an order entered by the Crawford County Circuit Court granting a motion to dismiss filed by appellee, Edward F. Thicksten, pursuant to Ark. R. Civ. P. 12(b)(6). Appellant, Cliff Biedenharn, appeals the trial court's order of dismissal. On appeal, appellant argues that the trial court erred in dismissing his complaint because appellee was a dual-office holder. We hold that appellant's first-amended complaint states sufficient facts to withstand a Rule 12(b)(6) motion to dismiss, and we reverse and remand the case for disposition consistent with this opinion.

On October 9, 2002, appellant, representing similarly situated taxpayers, filed a class-action, illegal-exaction lawsuit. In his first-amended complaint, he averred that appellee, a resident of Crawford County, was a state representative and received payment for that position. While a state representative in the Arkansas General Assembly, appellee cosponsored Act 1362 of 1997 ("Act"), which appropriated funds for the Department of Education and, in section 34 of the Act, created the Cooperative Education Services Coordinating Council ("Council").

Subsequent to the creation of the Council, appellee was appointed as the director of the Council. Appellant averred that the Council dissolved before the filing of the first-amended complaint in 2002.

In his complaint, appellant alleged that appellee's appointment as director of the Council violated Ark. Code Ann. § 21-8-304 (Repl. 2004) by using his official position for his own financial and political benefit. He further alleged that appellee violated the following provisions of the Arkansas Constitution: (1) Ark. Const. art. 16, § 3 by misusing public funds because he "illegally collect[ed] a large sinecure from taxpayer funds" as director of the Council while acting in his capacity as state representative; (2) Ark. Const. art. 19, § 20 "inasmuch as [appellee] willfully, and knowingly caused the drafting of Act 1362 of 1997 so as to evade, circumvent, and violate the Arkansas Constitution, for his own financial and political benefit, and to appropriate some $20,000,000 to be spent without any apparent public oversight whatever;" (3) Ark. Const. art. 12, §§ 7 and 12 "by making the State of Arkansas interested in a corporation or association, and by

requiring the taxpayers to subsidize said corporation or association without any oversight over the spending of the appropriated funds;" (4) Ark. Const. art. 19, § 12 "by appropriating money without provisions such as to require compliance with the constitutional requirement of an accurate and detailed statement of the receipts and expenditures of the public money;" and (5) Amendment 14 "by creating a special council apparently not controlled by any state laws requiring accountability of state funds."

Appellant requested in his prayer for relief that appellee return to the state treasury all moneys paid to him by the Council. He also requested the court to enter a judgment declaring appellee ineligible to hold any office paid by public funds, and prohibiting appellee from being paid for the next five years from the date of the court order. Finally, appellant requested costs and attorneys' fees.

On October 28, 2002, appellee filed a motion to dismiss for failure to state facts upon which relief can be granted pursuant to Ark. R. Civ. P. 12(b)(6). In the brief in support of his motion to dismiss, appellee argued that appellant failed to establish, or even specifically allege, that the director of the Council is a "civil office" under Ark. Const. art. 5, § 10, that appellant's claim for relief under Ark. Code Ann. § 21-8-304 was barred by the statute of limitations, and that the relief sought had been rendered moot by the enactment of Act 34 of 1999.

A hearing on appellee's motion to dismiss was held on January 9, 2004. By letter order dated January 14, 2004, the trial court found that appellant failed to state a claim upon which relief could be granted. On January 28, 2004, the trial court entered its order of dismissal, and appellant timely filed his notice of appeal. From this dismissal, appellant brings his appeal.

We have repeatedly set forth our standard of review for orders of dismissal pursuant to Ark. R. Civ. P. 12(b)(6). *Branscumb v. Freeman*, 360 Ark. 171, 200 S.W.3d 411 (2004). We review a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *Id.* In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in plaintiff's favor. *Id.* Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. Ark. R. Civ. P. 8(a)(1).

For his sole point on appeal, appellant argues that the trial court erred in granting appellee's motion to dismiss. Specifically,

he contends that appellee violated Ark. Const. art. 16, § 3 and Ark. Code Ann. § 21-8-304, respectively, by acting as a state representative at the same time that he received payment as the director of the Council.

Appellee responds, arguing that the trial court properly found that the allegations in appellant's first-amended complaint regarding appellee's dual-office holding and any alleged constitutional violations were without merit and did not state facts upon which relief could be granted.

■ We decline to address the issue of mootness raised by appellee. Although appellant alleges in his first-amended complaint that appellee was a state representative "at the same time [he] received payment as Director of the Cooperative Education Services Coordinating Council," appellant did not specifically allege that appellee held a dual civil-office in violation of Ark. Const. art. 5, § 10. Thus, we do not address the issue because it is not properly before us. Based upon our standard of review regarding Rule 12(b)(6) motions, we look to the four corners of the complaint. *Sluder v. Steak & Ale of Little Rock, Inc.*, 361 Ark. 267, 206 S.W.3d 213 (2005) (citing *Logan v. Missouri Valley Bridge & Iron Co.*, 157 Ark. 528, 249 S.W. 21 (1923)).

■ However, we may still consider appellant's illegal-exaction claims. The only remaining issue is whether appellee must refund the monies he received as director of the Council. Here, appellant has standing as a taxpayer to pursue the relief authorized by Ark. Const. Art. 16, § 13, which provides:

> Any citizen of the county, city, or town may institute suit in [sic] behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever.

*Id.* It is self-executing, and it permits taxpayers to challenge the legality of expenditures of public funds. *Beshear v. Ripling*, 292 Ark. 79, 728 S.W.2d 170 (1987).

■ We have held that one who holds a public office illegally may be required to pay back money received as a salary. *Beshear, supra* (citing *Revis v. Harris*, 219 Ark. 586, 243 S.W.2d 747 (1951)). We have also held that one who, in good faith, performed the duties of a public office held in violation of a constitutional prohibition would not be required to pay back salary received and

thus create a windfall to the state. *Beshear, supra* (citing *Martindale v. Honey,* 261 Ark. 708, 551 S.W.2d 202 (1977)).

■ Further, we have held that, even if an officer holds a job and provides services illegally, he may retain the *quantum meruit* value of the services he provided. *Biedenharn v. Hogue,* 338 Ark. 660, 1 S.W.3d 424 (1999). In affirming summary judgment in favor of Hogue, we held that there was no evidence of fraud or bad faith of Bobby Hogue, and he was entitled to retain the salary he earned as *quantum meruit* for his services as assistant athletic director for development. *Id.*

With this well-established precedent in mind, we turn to the present case. While appellant cites numerous constitutional provisions, as well as Ark. Code Ann. § 21-8-304, as the basis for the allegations in his complaint, he primarily limits the focus of his appeal to the following two arguments: (1) that appellee violated Ark. Const. art. 16, § 3, and (2) that appellee violated Ark. Code Ann. § 21-8-304.

Article 16, section 3 of the Arkansas Constitution, which outlines the penalty for making a profit out of or misusing public funds, provides:

> The making of profit out of public moneys, or using the same for any purpose not authorized by law, by any officer of the State, or member or officer of the General Assembly, shall be punishable as may be provided by law, but part of such punishment shall be disqualification to hold office in this State for a period of five years.

*Id.*

Appellant further argues that appellee violated Ark. Code Ann. § 21-8-304, which provides:

> (a) No public official or state employee shall use or attempt to use his or her official position to secure special privileges or exemption for himself or herself or his or her spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he or she has a substantial financial relationship that is not available to others except as may be otherwise provided by law.

> (b) No public official or state employee shall accept employment or engage in any public or professional activity while serving

as a public official which he or she might reasonably expect would require or induce him or her to disclose any information acquired by him or her by reason of his or her official position which is declared by law or regulation to be confidential.

(c) No public official or state employee shall disclose any such information gained by reason of his or her position, nor shall he or she otherwise use such information for his or her personal gain or benefit.

*Id.*

In appellant's complaint, he alleged that appellee was appointed as director of the Council subsequent to cosponsoring the Act that created the Council, that he "purposely connived to evade the requirements of the law," that he "purposely drafted the language of Act 1362 § 34 to create the pretense or illusion that the [Council] and the jobs created thereby were not state agencies," and that he "knew in advance that he would get a highly compensated position as a result of Act 1362." These allegations in appellant's complaint, which we must treat as true under *Branscumb, supra,* raise the questions of fraud and bad faith, which we determined in *Hogue, supra,* to be pivotal on appellant's illegal-exaction claims, which include the issue of *quantum meruit.*

■ Therefore, based upon the foregoing conclusions, as well as our standard of review regarding Rule 12(b)(6) motions, we hold that the trial court erred in granting appellee's motion to dismiss. Accordingly, we reverse and remand for the trial court to determine appellant's illegal-exaction claims and to determine whether *quantum meruit* is appropriate.

Reversed and remanded.

HANNAH, C.J., and GLAZE, CORBIN, BROWN, IMBER, and DICKEY, JJ., not participating.

Special Chief Justice RAY SPRUELL and Special Associate Justices CHARLES A. BANKS, JONANN E. CHILES, CAROL J. DALBY, PATRICIA J. HAYS, and SAM HILBURN, join.