

Cite as 2014 Ark. 228

# SUPREME COURT OF ARKANSAS

No. CV-13-741

|  |  |
|---|---|
| DONALD RAY PETERSON<br>APPELLANT | Opinion Delivered May 15, 2014 |
| V. | PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT,<br>[NO. 35CV-13-68] |
| JUDGES OF THE JEFFERSON<br>COUNTY CIRCUIT COURT: WILLIAM<br>W. BENTON, EARNEST E. BROWN, JR.,<br>JODIE RAINES DENNIS, LEON N.<br>JAMISON, ROBERT H. WYATT, JR.;<br>ARKANSAS ATTORNEY GENERAL<br>APPELLEES | HONORABLE JOHN LINEBERGER,<br>SPECIAL JUDGE<br><br>AFFIRMED. |

## PER CURIAM

Now before us is an appeal brought by appellant Donald Ray Peterson from the order

of the Jefferson County Circuit Court entered May 30, 2013, dismissing appellant's pro se

petition for declaratory judgment. To understand the claims raised by appellant in the petition,

it is necessary to set out some of the prior legal proceedings undertaken by appellant.

In 1992, in Crawford County Case No. 17CR-91-331, appellant entered a plea of guilty

to attempted capital murder, kidnapping, and aggravated robbery. Also in 1992, in Sebastian

County Case No. 66CR-91-1085, appellant entered a plea of guilty to first-degree murder, and

in Case No. 66CR-92-238, he pled guilty to attempted first-degree escape and attempted battery.

An aggregate sentence of life imprisonment was imposed on the judgments.

In 1998, appellant filed a belated petition for postconviction relief in Sebastian County

that was denied. He appealed to this court, and the appeal was dismissed on the ground that the

petition filed in the trial court was untimely pursuant to Arkansas Rule of Criminal Procedure 37.2 (1992). *Peterson v. State*, CR-98-980 (Ark. Jan. 14, 1999) (unpublished per curiam).

In 2005, appellant filed a petition for writ of habeas corpus in the trial court in Crawford County, challenging the judgment of conviction entered in that county in 1992. Relief was denied, and appellant appealed to this court. The appeal was dismissed because appellant was in custody in Jefferson County when the petition was filed, and a writ of habeas corpus could not be returned in Crawford County to effect his release. *Peterson v. State*, CR-05-1177 (Ark. Feb. 2, 2006) (unpublished per curiam).

In 2006, appellant filed a petition for writ of habeas corpus in Jefferson County in the circuit court located in the county where he was incarcerated. The petition was denied. No appeal was taken, and this court denied a motion to proceed with a belated appeal. *Peterson v. State*, CV-07-1331 (Ark. Feb. 21, 2008) (unpublished per curiam) (original docket no. 07-1331).

In 2008, appellant filed another petition for writ of habeas corpus in Jefferson County, contending that the writ should issue because he was charged by information in his Crawford and Sebastian county cases rather than by grand-jury indictment. We dismissed the appeal on the ground that there was no basis stated for the writ to issue. *Peterson v. State*, CV-09-398 (Ark. Sept. 24, 2009) (unpublished per curiam) (original docket no. 09-398).

In 2013, appellant filed in the Jefferson County Circuit Court a petition for declaratory judgment, made up of a series of questions framed as interrogatories, statements of law, and the affidavits of approximately ninety prison inmates who asserted that they, like appellant, had been deprived of justice and liberty. The crux of the petition appeared to be the claim that appellant

and others had been denied their rights to release on a writ of habeas corpus or some other legal remedy by the judges who had denied appellant's pleadings, the justices of this court, and the Attorney General.[1] In the petition, appellant advanced many of the arguments that he had raised in his prior pleadings and, in essence, sought to collaterally attack the correctness of the rulings on those pleadings and the decisions of this court upholding those rulings on appeal. The special judge who was appointed to consider the petition for declaratory judgment granted a motion to dismiss, and appellant brings this appeal. We affirm the order inasmuch as it is clear from the record that the petition was without merit, and it was barred as a matter of law.[2]

When reviewing a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *See Biedenharn v. Thicksten*, 361 Ark. 438, 206 S.W.3d 837 (2005). "In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief." *Id.* at 441, 206 S.W.3d 840 (citations omitted). Our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Doe v. Weiss*, 2010 Ark. 150.

There was no abuse of discretion in the instant matter. First, the circuit judges who had ruled against appellant's pleadings over the years had judicial immunity for actions taken in the

---

[1]While Judges Benton, Brown, and Jamison were named as respondents in the petition for declaratory judgment, none of them acted on any of the earlier pleadings that appellant had filed in the Jefferson County Circuit Court.

[2]Appellant filed a request for oral argument in this appeal. Oral argument is not necessary to the proper consideration of the issues in this appeal; therefore, the request is moot.

SLIP OPINION

execution of their judicial duties. The United States Supreme Court noted in *Pierson v. Ray*, 386 U.S. 547 (1967) that it is the judge's duty to decide all cases within the judge's jurisdiction, including cases that evoke intense feelings in the litigants, and that the judge should not have to fear that dissatisfied persons will proceed against the judge with litigation. This immunity provides the judge with, not merely a defense from liability for the judge's actions, but absolute immunity from suit. *See Mitchell v. Forsythe*, 472 U.S. 511 (1985). The scope of a judge's jurisdiction is broadly construed where the subject at issue is the immunity of the judge from suit. *Stump v. Sparkman*, 435 U.S. 349 (1978). If the judicial officer has jurisdiction of the person and of the subject matter, he or she is exempt from civil liability so long as the actions are within the judicial officer's judicial capacity. *See Hutson v. State*, 171 Ark. 1132, 287 S.W. 398 (1926). The two-part test for judicial immunity established by *Stump*, 435 U.S. 349, requires that we determine whether the judges named by appellant in his petition for declaratory judgment had subject-matter jurisdiction to act on the pleadings that he filed in the Jefferson County Circuit Court, and whether the acts about which appellant complains were judicial acts. Clearly, the judges had subject-matter jurisdiction to hear the pleadings filed by appellant and to render a decision in their judicial capacities. Accordingly, the judges were entitled to judicial immunity.

It should also be noted that appellant's collateral challenge to the rulings made in his cases in the past was not a ground for a declaratory judgment. Appellant invoked Arkansas Code Annotated sections 16-111-101- to -111 (Repl. 2006), which provides that the purpose of the declaratory-judgment statutory scheme is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *McCutchen v. City of Ft. Smith*,

2012 Ark. 452, ___ S.W.3d ___. This court has held that there are four requisite conditions before declaratory relief may be granted: (1) there must exist a justiciable controversy; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking relief must have a legal interest in the controversy; (4) the issue involved in the controversy must be ripe for judicial determination. *Ark. Dep't of Human Servs. v. Ross-Lawhon*, 290 Ark. 578, 721 S.W.2d 658 (1986). The declared legislative purpose is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Ark. Code Ann. § 16-111-102(a). Here, appellant's pleadings were denied, and he either appealed from the orders or filed a motion for belated appeal. He had no justiciable claim against any of the circuit court judges or any justice of this court regarding the decisions rendered in those cases. A declaratory-judgment proceeding is not a means of retrying a cause of action. *See Wise v. Norris*, 2011 Ark. 362 (per curiam).

Intertwined throughout appellant's petition was the allegation that he had been denied due process of law and equal protection of law by the judges who ruled on his cases, the Attorney General, and this court. As to the due-process claim, the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *See Ark. Dep't of Corr. v. Bailey*, 368 Ark. 518, 247 S.W.3d 851 (2007) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). Appellant's claim is primarily that he was denied a hearing on the pleadings he filed in circuit court and denied relief. Appellant had the opportunity to make his arguments to the courts, and he had the right to appeal from the orders that denied the relief sought. He made no showing that he was entitled to a hearing on each pleading or that the

5

SLIP OPINION

respondents to the petition for declaratory judgment denied him due process of law.

With respect to the equal-protection allegation, appellant claimed that some citizens were treated differently in obtaining habeas-corpus relief. The Equal Protection Clause permits classifications that have a rational basis and are reasonably related to a legitimate government purpose. *See Graves v. Greene Cnty*, 2013 Ark. 493, ___ S.W.3d ___. Equal protection does not require that persons be dealt with identically; it only requires that classification rest on real and not feigned differences, that the distinctions have some relevance to the purpose for which the classification is made, and that their treatment be not so disparate as to be arbitrary. *Bakalekos v. Furlow*, 2011 Ark. 505, 410 S.W.3d 564. Appellant contends on appeal that this court's decisions on equal protection are "absurd," but the fact remains that appellant failed to state facts from which it could be determined that any person or group of persons was denied equal protection by the laws governing habeas proceedings or the application of such laws. For that reason, he failed to establish an equal-protection violation.

Appellant argues on appeal that the special judge who ruled on his petition for declaratory judgment did not have jurisdiction to do so on the ground that the judge exceeded his authority by misapplying the law and dismissing the petition. Appellant's reasoning is unclear, but it will suffice to say that he offers nothing to establish that this court's appointment of the judge to hear the matter was invalid.

In a convoluted claim at the close of his brief, appellant contends that, either it is the special judge who is the real appellee in this appeal, or that the special judge is one of the appellees, because appellant named the special judge in the heading on the notice of appeal. It

SLIP OPINION

is not clear what specific relief, if any, appellant is seeking by including the statement in his brief. Appellant said in the notice of appeal that the appeal was being taken from the order entered May 30, 2013, which was the order that dismissed the petition for declaratory judgment. The May 30, 2013 order listed the Attorney General and the circuit judges whom appellant named as respondents to the petition for declaratory judgment as parties. The fact that appellant is arguing on appeal that the special judge erred in the May 30, 2013 order does not make the special judge an appellee in the appeal.

Affirmed.

*Donald Ray Peterson*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Dennis R. Hansen*, Ass't Att'y Gen., for appellee.