
# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–15–588

|  |  |
|---|---|
| | **Opinion Delivered** September 21, 2016 |
| ALISON ASHLEY PECK, as a QUALIFIED BENEFICIARY OF THE PECK FAMILY TRUST and THE PECK MARITAL TRUST, AND IN HER INDIVIDUAL CAPACITY<br><br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-14-1883] |
| V. | |
| HANNAH PECK a/k/a HANNAH FINLEY, INDIVIDUALLY, AND AS TRUSTEE OF THE PECK FAMILY TRUST U/D JUNE 15, 2001, AND AS TRUSTEE OF THE PECK MARITAL TRUST | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| APPELLEE | REVERSED AND REMANDED |

## PHILLIP F. WHITEAKER, Judge

Alison Peck brings this appeal from the order of the Pulaski County Circuit Court dismissing her first amended complaint against appellee Hannah Peck Finley where she alleged that Finley breached her fiduciary duties to Alison under a family trust. We hold that the circuit court did not conduct a proper analysis of the motion to dismiss; therefore, we reverse and remand for further proceedings consistent with this opinion.

I.    *Factual and Procedural History*

The current appeal is a part of a series of litigation over the Peck Family Trust and the Peck Marital Trust created by Robert Peck. Robert Peck was the father of Alison and the husband of Finley. He created the Peck Family Trust, a revocable trust, on May 8, 2001.[1] Robert created the trust for the purpose of providing for the support, education, maintenance, and preservation of the health of Finley during her lifetime. Robert was to be the trustee during his lifetime, with Finley named as trustee upon his death. Robert also created trust provisions for his children. Upon the death of Finley, the trust assets were to be divided among beneficiaries, including Alison. Robert Peck passed away in 2006 and was survived by Finley, Alison, and his other three children.[2]

After Robert's death, issues arose concerning the assets of the trust.  In particular, the ownership of a mobile by Alexander Calder known as "Autumn Leaves" ("the Calder") was questioned. The Calder was purchased by Robert's parents in the 1950s, and Robert had possession of the Calder after their deaths. Upon Robert's death, Finley assumed possession of the Calder. Finley maintained that she received the Calder under her husband's will.[3] Finley eventually sold the Calder for $3.3 million net after commissions. Finley deposited

---

[1] On June 15, 2001, Robert Peck created another Peck Family Trust that appears to be identical to the May 8, 2001 trust.

[2] Alison's siblings are Capi Peck Peterson, Ashley Peck O'Dell, and Tony Peck.

[3] In January 2005, Robert Peck amended and restated the May 2001 trust. He also executed a will that left all artwork and most of his other personal property to Finley if she should survive him.

the proceeds into her own personal account and not the account of the trust. Finley also invested the proceeds, which resulted in some major losses.

In May 2008, the first lawsuit in this series of litigation began. Finley filed a declaratory-judgment action (the 2008 action) to determine ownership of the Calder. Finley sued Alison and her three siblings, as well as her own children, as defendants.[4] Alison defended the 2008 action, taking the position that Finley did not own the Calder but that the Calder was instead owned by one of her siblings, Capi Peterson. Alison also filed a counterclaim asserting that Finley had breached her fiduciary duties to her and her siblings, that Finley was liable as trustee to them, and for an accounting. The 2008 action was dismissed without prejudice in October 2009.

In October 2010, the second lawsuit in this series of litigation occurred (the 2010 action). Capi Peterson filed an action against Finley, as trustee.[5] Peterson alleged that she was the owner of the Calder as the recipient of an inter vivos gift, that Finley wrongfully sold it to a third party, and that Finley was liable to Peterson for its value. Peterson sought an accounting for the Peck Family Trust and damages for the sale of the Calder. Finley answered the complaint and counterclaimed for a declaratory judgment to determine that ownership of the Calder was in the Peck Family Trust and that Peterson had violated the terms of a share-cancellation provision of the trust. After a bench trial, the circuit court dismissed Peterson's complaint, finding that the Calder was an asset of the trust, that there was no evidence that Finley acted in bad faith or with reckless indifference with regard to

---

[4] Finley's children were also listed as beneficiaries under the Peck Family Trust.

[5] Alison was not a party to the 2010 action.

her trust duties, and that Peterson had forfeited her interests in the trust through the share-cancellation provision and thus lacked standing to sue as a beneficiary of the trust.

Peterson appealed, and we affirmed the circuit court. *Peterson v. Peck*, 2013 Ark. App. 666, 430 S.W.3d 797. In that case, we held that Peterson failed to prove the elements of an inter vivos gift. We also affirmed the court's determination that Peterson forfeited her interest in the trust because her amended complaint questioned Finley's actions as trustee without any evidence that Finley had acted in bad faith.

In May 2014, the current lawsuit in this series of litigation began. Alison originally sued Finley seeking a declaratory judgment of Finley's duties as trustee and her own rights as a beneficiary to be kept promptly informed of all material information regarding administration of the trust. Alison also asserted that Finley was required to produce reports beginning in 2006 but failed to do so despite repeated requests, and that Finley acted in bad faith and with reckless disregard of Alison's rights and otherwise failed to administer the trust in good faith.

Finley adamantly defended the cause of action. Finley responded initially to Alison's original complaint with a motion to dismiss seeking dismissal under two theories. First, she took the position that Alison was barred from asserting her claim by the savings statute. Essentially, she argued that Alison filed a counterclaim in the 2008 lawsuit, voluntarily nonsuited this claim, and failed to refile it within one year. As a result, she was precluded from doing so now by the savings statute. Second, she took the position that Alison's pleadings in the 2008 action asserting that Peterson owned the Calder and that Finley had breached her fiduciary duties triggered the share-cancellation provision of the trust, thus

forfeiting her interest as a beneficiary and depriving Alison of standing. The circuit court denied the motion to dismiss without explanation.

Finley next answered the complaint, denying that Alison was a qualified beneficiary of the trust or had standing to seek a declaratory judgment because of the prior 2008 action. She also filed a motion for summary judgment, asserting that Alison's interest in the trust had been forfeited because of the prior 2008 litigation. Finley later amended her motion for summary judgment, contending that the interests of Alison and her sister, Peterson, were so intertwined that they stood in privity with each other and therefore res judicata barred relitigation. The circuit court denied Finley's motion and amended motion for summary judgment by separate orders without explanation.

After the denial of the summary-judgment motions, Alison amended her complaint, seeking a declaratory judgment and adding claims for conversion, breach of fiduciary duty, deceit, and unjust enrichment or the imposition of a constructive trust. She also sought an accounting and punitive damages. Finley responded with a motion to dismiss, arguing that Alison Peck was a contingent, rather than a qualified beneficiary, and, as such, lacked standing to challenge Finley's actions as trustee.

The circuit court granted Finley's motion to dismiss Alison's first amended complaint. The circuit court found that Alison had forfeited her right as a beneficiary under the share-cancellation clause of the trust and was deprived of standing. The share-cancellation clause of the Peck Family Trust provides as follows:

> 4.9. Share Cancellation. Should any of Grantor's children, or their issue, institute any action to challenge the provisions of the trusts established by this document, or to attack the validity of such trusts, or to remove Hannah Kay Peck as Trustee, or question her actions as Trustee, then, and in that event, the share to which such child

(or his or her issue) would otherwise be entitled, shall be forfeited and added to the shares of the remaining beneficiaries.

The circuit court recognized that the share-cancellation clause was at issue in the 2010 litigation. That litigation resulted in an appellate decision. The court then relied on what it saw as our interpretation of the share-cancellation provision in the prior *Peterson* appeal that the mere filing of an action challenging Finley's actions as trustee triggered the share-cancellation provision. The court granted the motion to dismiss with prejudice.

Alison filed a motion for reconsideration, reasserting her argument that the share-cancellation provision could not be applied to her because Arkansas Code Annotated section 28-73-1008(a)(1) (Repl. 2013) made such a provision unenforceable.[6] After the motion for reconsideration was deemed denied, this appeal followed.

II.     *Analysis*

On appeal, Alison contends that the circuit court erred in dismissing her first amended complaint based on the share-cancellation provision. She also argues, as she did below, that the share-cancellation provision could not be applied to her because of Arkansas Code Annotated section 28-73-1008(a)(1). She further argues that her amended complaint stated sufficient facts to show that Finley acted in bad faith or with reckless indifference to come within the ambit of section 28-73-1008. Finley responds by arguing that the circuit court's decision is supported both by the savings statute and by res judicata.

---

[6]Section 28-73-1008(a)(1) provides that "[a] term of a trust relieving a trustee of liability for breach of trust is unenforceable to the extent that it relieves the trustee of liability for breach of trust committed in bad faith or with reckless indifference to the purposes of the trust or the interests of the beneficiaries[.]"

We cannot consider the savings-statute and res-judicata issues raised by Finley. Although Finley made these arguments to the circuit court below, she did so in her motion to dismiss Alison's original complaint and in her motions for summary judgment also directed to the original complaint. The circuit court denied the motion to dismiss the original complaint and the motions for summary judgment as to the original complaint. By doing so, the circuit court denied the savings-statute and res-judicata arguments presented by Finley.

Alison subsequently filed an amended complaint; however, an amended complaint, unless it adopts and incorporates the original complaint, supersedes the original complaint. *McMullen v. McHughes Law Firm*, 2015 Ark. 15, at 11, 454 S.W.3d 200, 207; *Farmers Union Mut. Ins. Co. v. Robertson*, 2010 Ark. 241, at 5, 370 S.W.3d 179, 183. Here, Alison's amended complaint contained no language incorporating the original complaint. Moreover, Finley's motion to dismiss the amended complaint was based solely on the assertion that Alison lacked standing under the share-cancellation provision to bring the action because the amended complaint challenged Finley's actions as trustee. She failed to raise her savings-statute and res-judicata arguments again in opposition to Alison's amended complaint. Thus, we do not address the issues because they are not properly before us. *See Biedenharn v. Thicksten*, 361 Ark. 438, 206 S.W.3d 837 (2005).

The amended complaint was dismissed pursuant to a Rule 12(b)(6) motion. Ark. R. Civ. P. 12(b)(6). Our standard of review regarding Rule 12(b)(6) motions requires that we look to the four corners of the complaint. *See Biedenharn*, *supra*. When we review a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true

and view them in the light most favorable to the plaintiff. *Id.* "In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor." *Id.* at 441, 206 S.W.3d at 840 (internal citations omitted). Our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Sanford v. Walther*, 2015 Ark. 285, 467 S.W.3d 139; *Doe v. Weiss*, 2010 Ark. 150.

We find that the circuit court abused its discretion when it granted the motion to dismiss. We conclude from the circuit court's comments from the bench that it did not look at the factual allegations contained in Alison's amended complaint or consider Alison's arguments concerning whether the share-cancellation provision was unenforceable under section 28-73-1008. Instead, the court took the view that *Peterson* held that the mere filing of a lawsuit challenging the trustee's actions triggered the share-cancellation provision without regard to whether the trustee was acting in bad faith or with reckless indifference.

Our decision in *Peterson* is not dispositive of this case because *Peterson* was concerned with ownership of the Calder artwork. This is distinguishable from the present case, which is concerned with whether Finley breached her fiduciary duties to Alison as a beneficiary. Also, there were no allegations in *Peterson* that the share-cancellation provision was unenforceable under section 28-73-1008. Moreover, *Peterson* was decided after a full trial on the merits, whereas the present case was dismissed pursuant to Arkansas Rule of Civil Procedure 12(b)(6).

Therefore, based upon the foregoing conclusions, as well as our standard of review regarding Rule 12(b)(6) motions, we hold that the circuit court erred in granting Finley's motion to dismiss. Accordingly, we reverse and remand for the circuit court to determine

whether Alison's amended complaint states sufficient facts showing that Finley acted in bad faith or with reckless disregard of the trust's purposes or of Alison's interests as a contingent beneficiary.

Reversed and remanded.

KINARD and HIXSON, JJ., agree.

*Eichenbaum Liles, P.A.*, by: *James H. Penick III*, for appellant.

*Richard F. Hatfield, P.A.*, by: *Richard F. Hatfield*, for appellee.