2011 Ark. App. 611

**Kenneth HIPP and Daniel Hipp, Appellants**

v.

**VERNON L. SMITH AND ASSOCIATES, INC., and Chesapeake Exploration, Limited Partnership, Appellees.**

No. CA 11–142.

Court of Appeals of Arkansas.

Oct. 12, 2011.

**527**

Keith L. Grayson and Melanie L. Grayson, Herber Springs, for appellant.

Lindsey Kathryn Bell and G. Michael Millar, Searcy, for appellee.

JOHN B. ROBBINS, Judge.

Appellants Kenneth Hipp and Daniel Hipp brought a complaint against appellees Vernon L. Smith and Associates, Inc., and Chesapeake Exploration, Limited Partnership, alleging fraudulent inducement and violation of the Arkansas Deceptive Trade Practices Act with respect to mineral leases executed between the parties.[1] The primary term of the leases was for five years, with a renewal provision allowing the appellees to extend the leases for an additional five years. In their complaint, the appellants asked the trial court to declare the lease options void and issue judgment that the leases terminated five years after their execution. Appellants attached to their complaint copies of the leases and a cover letter generated by the appellees' agent.

The appellees filed a motion to dismiss the complaint pursuant to Ark. R. Civ. P. 12(b)(6), asserting that the complaint failed to allege facts upon which relief can be granted, and that all causes of action were barred by the applicable statutes of limitation.[2] The appellants responded to appellees' motion to dismiss, and both parties filed corresponding briefs. After a hearing on appellees' motion, the trial court entered an order dismissing appellants' complaint with prejudice. The trial court found that (1) appellants' claims for fraud in the inducement and violation of the Arkansas Deceptive Trade Practices Act were barred by the statute of limitations, and (2) appellants failed to plead sufficient facts to maintain their claims of fraud in the inducement and violation of the Arkansas Deceptive Trade Practices Act.

Kenneth Hipp and Daniel Hipp have timely appealed from the order granting the appellees' motion to dismiss. For reversal, they argue that the trial court erred in concluding that their claims were time-barred and further erred in finding that they failed to plead sufficient facts to maintain their claims. We affirm.

When reviewing a trial court's order granting a motion to dismiss pursuant to Rule 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Biedenharn v. Thicksten*, 361 Ark. 438, 206

---

1. Appellants also pled failure of consideration and lack of privity of contract, but they later voluntarily dismissed those claims.

2. Although the preferred method to assert an affirmative defense is in an answer pursuant to Ark. R. Civ. P. 8(c), and not in a motion to dismiss under Rule 12(b), such motions have been decided on their merits as if they were properly raised. *See Amos v. Amos*, 282 Ark.

532, 669 S.W.2d 200 (1984). In *Martin v. Equitable Life Assurance Society*, 344 Ark. 177, 40 S.W.3d 733 (2001), our supreme court held that statutes of limitation can be raised and considered by a court on a Rule 12(b)(6) motion to dismiss. In order to prevail on a motion to dismiss the complaint on the basis of limitations, it must be barred on its face. *Id.*

S.W.3d 837 (2005). In viewing the facts most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. *Id.* Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Watkins v. Dale,* 2011 Ark. App. 385, 2011 WL 2039345. Our standard of review for the granting of a motion to dismiss is whether the trial court abused its discretion. *Id.*

The following facts are not in dispute. Kenneth Hipp and his former wife, Tammy Hipp, executed two oil-and-gas leases on July 13, 2005. The mineral leases pertained to a 40–acre tract of property and a 200–acre tract of property. Subsequently, Ms. Hipp's interest in the minerals was conveyed to Daniel Hipp.

The leases at issue were prepared by Vernon L. Smith & Associates, which was an agent of Chesapeake Exploration. Al Beal, an agent for Vernon L. Smith, mailed the leases to the Hipps along with the following cover letter:

Dear Mr. and Ms. Hipp:

Pursuant to our trade, please find enclosed originals and copies of paid-up Oil and Gas Leases for five (5) year terms calling for one-eighth (1/8th) royalty along with drafts in the amounts of $35,000.00 covering your 200.00 net acres at $175.00 per acre, and $7,000.00 covering your 40.00 net acres at $175.00 per acre.

Please execute the leases before a Notary Public exactly as your name is styled, endorse the drafts and place them in your bank for collection. Please retain the copies for your files.

Thank you for your prompt attention to this matter and should you have any questions you may contact me at the number below or Toll Free at 1–800–889–3374.

Each lease consisted of three pages, and each was signed by Kenneth Hipp and Tammy Hipp at the bottom of pages two and three. The first page of the leases contained the provision, "This lease shall remain in force for a primary term of Five (5) years and as long thereafter as oil, gas or other hydrocarbons are produced from said leased premises or from lands pooled therewith." The third page of the lease contained three paragraphs, the second of which provided:

Lessee is hereby given the exclusive right and option to extend the primary term of this lease as to all or any portion of the land covered hereby for an additional five (5) years from the expiration of the original primary term. This option may be exercised by Lessee at any time during the original primary term hereof by paying the sum *$75.00* per net mineral acre to Lessor and other parties designated by Lessor. Payment shall be considered made and option exercised by mailing payment to last known address of Lessor and or assigns. If this option is exercised as to just a portion of the acreage, Lessee shall execute and place of record an instrument identifying the land as to which the option has been exercised. Should this option be exercised as herein provided, it shall be considered for all purposes as though this lease originally provided for a primary term of ten (10) years.

It is this provision that gave rise to the parties' dispute.

The appellants' complaint was filed on September 9, 2010. The complaint contained the following allegations:

7. Mr. Al Beal, the employee of the Vernon L. Smith and Associates, Inc., orally explained the terms of the lease as contained in the cover letter attached hereto as "Exhibit No. 3" and incorporated herein by reference. Mr. Al Beal did not explain in his oral representation that the mineral lease in fact contained a

five (5) year option wherein all the mineral acres could be leased for $75.00 an acre at the end of the primary term (five years).

8. Based upon the oral representations of Mr. Al Beal, and the cover letter that he prepared, Kenny Hipp was fraudulently induced into signing the mineral lease because he was not informed that it had a five (5) year option at $75.00 per mineral acre. Mr. Al Beal never discussed this with Kenny Hipp and it was not contained in his letter. Mr. Al Beal simply asked Kenny Hipp to sign the lease where he had flagged it. It was not until Kenny Hipp received a check from Chesapeake Operating, Inc. indicating that they were exercising their option for an additional five (5) year period that he realized the lease contained such a provision. Kenny Hipp relied on the cover letter Mr. Al Beal sent to him and the oral explanation of the lease and not upon a reading of the lease. Kenny Hipp did not read the entire lease before signing it.

9. If Kenny Hipp had known that the lease contained a five (5) year option for $75.00 per acre he would not have signed it. In fact, Kenny Hipp specifically told Mr. Al Beal that he would not agree to a ten (10) year lease term.

10. Kenny Hipp related what Mr. Al Beal told him to Tammy Hipp and then asked her to sign the leases which she did.

The appellants maintained in their complaint that the above allegations supported their claims for fraud in the inducement to execute the mineral leases and violation of the Arkansas Deceptive Trade Practices Act.

The trial court dismissed their complaint, and on appeal Kenneth Hipp and Daniel Hipp argue that this was error. Appellants contend that they pled sufficient facts supporting violations of the Arkansas Deceptive Trade Practices Act, codified at Ark.Code Ann. § 4–88–101 et seq., given that their complaint stated facts to support concealment, suppression, or omission of material facts. Appellants further contend that they pled sufficient facts to support a claim for fraud in the inducement.

The appellants assert that their allegations were sufficient to prove the five elements of fraud, which are: (1) a false misrepresentation of a material fact, (2) knowledge that the misrepresentation is false or that there is insufficient evidence upon which to make the representation, (3) intent to induce action or inaction in reliance upon the representation, (4) justifiable reliance on the representation, and (5) damage suffered as a result of the reliance. *See Williams v. Liberty Bank,* 2011 Ark. App. 220, 382 S.W.3d 726. The appellants note that the contract was prepared by the appellees, who have been in the oil-and-gas business for years and were in a superior position to know the legal effect of the contract. Appellants pled that Kenneth Hipp was unwilling to enter into a ten-year lease, and further that he communicated this to Mr. Beal. Nonetheless, according to appellants' complaint, Mr. Beal misrepresented the lease to be for only five years both orally and in his cover letter mailed to the Hipps. This, appellants assert, was a material misrepresentation upon which they relied to their detriment. The appellants acknowledge that Kenneth Hipp did not read the lease prior to its execution and that the general rule is that a person who signs a document is bound under the law to know the contents. However, there is an exception to that general rule when a signature is procured by fraudulent representations of what a document contains, *Neill v. Nationwide Mut. Fire Ins. Co.,* 355 Ark. 474, 139 S.W.3d 484 (2003), and

appellants submit that this exception applies here.

■ The remaining issue pertains to the statutes of limitation. Arkansas Code Annotated section 16–56–105 (Repl.2005) sets forth a three-year limitations period for fraud claims. *See Dupree v. Twin City Bank,* 300 Ark. 188, 777 S.W.2d 856 (1989). Pursuant to Ark.Code Ann. § 4–88–115 (Repl.2001), the statute of limitations for civil actions brought under the Arkansas Deceptive Trade Practices Act is five years.

Given that appellants filed their action more than five years after the leases were executed, appellants do not dispute the fact that their complaint was not filed within either of the applicable limitations periods. Nonetheless, appellants contend that the fraud perpetrated by the appellees tolled the limitations period. In *Talbot v. Jansen,* 294 Ark. 537, 744 S.W.2d 723 (1988), the supreme court held that fraud suspends the running of the statute of |₇limitations and that suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by exercise of reasonable diligence. Appellants claim that the fraud was discovered in this case in June 2010, when they received the checks for the five-year option to renew the oil-and-gas leases on their lands.

■■ Viewing the facts alleged in appellants' complaint as true, we hold that the trial court did not abuse its discretion in dismissing the complaint on the basis that it was barred by the applicable statutes of limitation. The supreme court discussed the statute-of-limitations defense in *Adams v. Arthur,* 333 Ark. 53, 63, 969 S.W.2d 598 (1998), and wrote:

> When the running of the statute of limitations is raised as a defense, the defendant has the burden of affirmatively pleading this defense. *First Pyramid Life Ins. Co. v. Stoltz,* 311 Ark. 313, 843 S.W.2d 842 (1992), *cert. denied,* 510 U.S. 908 [114 S.Ct. 290, 126 L.Ed.2d 239] (1993). However, once it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled. *Id.* Fraud suspends the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence. *First Pyramid, supra.* Although the question of fraudulent concealment is normally a question of fact that is not suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion, a trial court may resolve fact issues as a matter of law. *Alexander v. Flake,* 322 Ark. 239, 910 S.W.2d 190 (1995).

In order to toll the statute of limitations, the plaintiffs are required to show something more than a continuation of a prior nondisclosure. *See Martin v. Arthur,* 339 Ark. 149, 3 S.W.3d 684 (1999). There must be some evidence creating a factual question related to some positive act of fraud, something so furtively planned and secretly executed to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. *Id.*

|₈In the case at bar, the appellants failed to meet their burden of establishing that the statutes of limitation were tolled. Even were we to construe Mr. Beal's failure to disclose the five-year option either orally or in the cover letter to be fraudulent, this nondisclosure did not conceal the appellants' cause of action. The allegations asserted in the appellants' complaint failed to establish concealment. And to the extent any fraud occurred, it should have been discovered by the due diligence of the appellants. Had the appellants read

the second paragraph of the third page of the leases, under which both Kenneth and Tammy Hipp signed, the five-year renewal option would have been readily discovered. For these reasons, appellants' complaint was barred on its face by the applicable statutes of limitation.

Inasmuch as we affirm the trial court's holding that appellants' claims were barred by the applicable statutes of limitation, it is unnecessary to address appellants' contention that the trial court abused its discretion in finding that appellants failed to plead sufficient facts to maintain their claims for fraud in the inducement or violations of the Arkansas Deceptive Trade Practices Act.

Affirmed.

PITTMAN and HART, JJ., agree.