SLIP OPINION

Cite as 2015 Ark. 2

# SUPREME COURT OF ARKANSAS

No. CV-14-58

| | |
|---|---|
| TOMMY HALL<br>　　　　　　　　　　APPELLANT<br><br>V.<br><br>CARLTON JONES, MILLER COUNTY<br>PROSECUTING ATTORNEY; KIRK<br>JOHNSON, MILLER COUNTY CIRCUIT<br>JUDGE; AND MARY PANKEY, MILLER<br>COUNTY CIRCUIT CLERK<br>　　　　　　　　　　APPELLEES | Opinion Delivered January 15, 2015<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-13-389]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

Now before us is an appeal brought by appellant Tommy Hall, an inmate incarcerated in a facility in Jefferson County, from the order of the Jefferson County Circuit Court entered December 11, 2013, dismissing his pro se complaint against the prosecuting attorney, a circuit judge, and the circuit clerk in Miller County.

To understand the claims raised by appellant in the complaint, it is necessary to set out the relevant underlying legal proceedings. Appellant alleged in the complaint that, on February 27, 2004, he was arrested in Miller County based on a violation of drug laws and that cash in the amount of $5093 was recovered from his vehicle at the time of his arrest. The record reflects that, on August 24, 2005, the prosecuting attorney filed an in rem complaint in the Miller County Circuit Court on behalf of the State seeking the condemnation and forfeiture of the $5093, and

a summons was issued by the circuit clerk.[1] The summons indicates that appellant was served with the complaint at 3:00 p.m. on that same date. Appellant did not respond to the complaint, and, on March 29, 2006, the circuit judge granted the State's motion for default judgment and ordered the forfeiture of the $5093.00. Subsequently, an amended order of forfeiture was entered in the amount of $5146.42 to reflect the accrual of interest. Appellant did not appeal from the judgment.

On July 23, 2013, appellant filed a complaint in the Jefferson County Circuit Court against the Miller County prosecuting attorney, the circuit clerk, and the circuit judge who presided in the forfeiture action based on allegations stemming from the 2006 default judgment. The crux of the complaint appeared to be a collateral attack on the judgment based on allegations that the Miller County Circuit Court lacked jurisdiction to hear the in rem complaint because it was untimely, that appellant did not receive notice of the in rem complaint or the motion for default judgment, and that the summons stated that he had thirty days instead of twenty days to respond to the complaint. Appellant also alleged that the circuit judge had refused to rule on his petition to vacate the default judgment and that the circuit judge and the circuit clerk were withholding the certified documents necessary to seek an order from this court requiring the circuit judge to rule on his petition to vacate. The circuit court dismissed the complaint with prejudice and noted that the dismissal of the complaint would be considered a strike pursuant to Arkansas Code Annotated section 16-68-607 (Repl. 2005). Appellant brings this appeal. We affirm the order

[1]Appellant alleged in his complaint that he was served with a previously filed in rem complaint seeking forfeiture of the $5093 on March 1, 2004, and that the complaint was later "secretly" dismissed. The referenced in rem complaint is not included in the record.

SLIP OPINION

inasmuch as it is clear from the record that the action was barred as a matter of law.

When reviewing a circuit court's order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *See Biedenharn v. Thicksten*, 361 Ark. 438, 206 S.W.3d 837 (2005). "In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief." *Id.* at 441, 206 S.W.3d at 840 (internal citations omitted). Our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Doe v. Weiss*, 2010 Ark. 150.

There was no abuse of discretion in this matter. First, the circuit judge, who found that the State was entitled to a default judgment and ordered the forfeiture, had judicial immunity for actions taken in the execution of his judicial duties. *See Peterson v. Judges of Jefferson Cnty. Circuit Court*, 2014 Ark. 228 (per curiam). The United States Supreme Court noted in *Pierson v. Ray*, 386 U.S. 547 (1967) that it is the judge's duty to decide all cases within the judge's jurisdiction, including cases that evoke intense feelings in the litigants, and that the judge should not have to fear that dissatisfied persons will proceed against the judge with litigation. This immunity provides the judge with not merely a defense from liability for the judge's actions, but absolute immunity from suit. *See Mitchell v. Forsythe*, 472 U.S. 511 (1985). The scope of a judge's jurisdiction is broadly construed where the subject at issue is the immunity of the judge from suit. *Stump v. Sparkman*, 435 U.S. 349 (1978). If the judicial officer has jurisdiction of the person and of the subject matter, he or she is exempt from civil liability so long as the actions are within the

SLIP OPINION

judicial officer's judicial capacity. *See Hutson v. State*, 171 Ark. 1132, 287 S.W. 398 (1926). The two-part test for judicial immunity established by *Stump*, 435 U.S. 349, requires that we determine whether the judge named by appellant in the complaint had jurisdiction to act on the in rem complaint filed in Miller County and whether the acts about which appellant complains were judicial acts. While appellant argues that the Miller County Circuit Court did not have jurisdiction over the forfeiture action based on the allegation that the in rem complaint was untimely, the circuit judge clearly had the requisite jurisdiction to hear the in rem complaint and to render a decision in his judicial capacity. Accordingly, the circuit judge named in the complaint was entitled to judicial immunity. Appellant's recourse was to raise any challenges to the default judgment on appeal; his remedy was not to file a civil complaint against a judicial officer in which he collaterally attacked the judgment.[2]

Second, the prosecuting attorney, who filed the in rem action seeking the forfeiture, had absolute immunity from suit for acts committed in the performance of the duties of his office. *See Culpepper v. Smith*, 302 Ark. 558, 792 S.W.2d 293 (1990). It has long been held that public policy demands such immunity for prosecutors and has permitted no diminution or erosion of this defense when the acts complained of are committed within the scope of the duties of the prosecuting attorney's office. *Id.* In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the United States

---

[2]Appellant does not argue on appeal that he is entitled to any relief based on the allegation that the circuit judge or the circuit clerk refused to provide requested certified documents. Rather, he only alleges that the circuit judge refused to rule on his petition to vacate the default judgment "with the circuit clerk saying she cannot act because the judge is refusing/failing to sign off on judicial documents." All arguments made below but not raised on appeal are abandoned. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam); *Shipman v. State*, 2010 Ark. 499 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).

Supreme Court, distinguishing whether a prosecuting attorney was entitled to absolute immunity or qualified immunity, focused on what function the prosecuting attorney was engaged in at the time of the alleged wrong, and it drew a distinction between the prosecutor's role as an advocate and the role of an administrator or investigator. When the actions of a prosecuting attorney involve his role as an administrator or investigator, he is entitled to qualified, rather than absolute, immunity.

Pursuant to Arkansas Code Annotated section 5-64-505(g)(1)(A) (Supp. 2011), the prosecuting attorney shall initiate forfeiture proceedings by filing a complaint with the circuit clerk of the county where the property was seized. Appellant alleges on appeal that the prosecuting attorney did not provide adequate notice of motions and pleadings filed in the foreclosure action, that he filed an untimely in rem complaint, and that the summons was defective. These allegations clearly involve the prosecuting attorney's role as the advocate for the State in seeking the foreclosure rather than as an administrator or investigator. Thus, the prosecuting attorney was entitled to absolute immunity from suit.

As appellant does not raise any argument for relief on appeal against the circuit clerk, he has abandoned any claim against her. Because both the circuit judge and the prosecuting attorney had absolute immunity from suit, the circuit court properly dismissed the complaint with prejudice.

Affirmed.

*Tommy Hall*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christine A. Cryer*, Ass't Att'y Gen., for appellees.