

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–13–819

|  |  |
|---|---|
|  | **Opinion Delivered** June 3, 2015 |
| GARRY CLAYTON AND ZELMA MAGBY<br>APPELLANTS | APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. CV-2010-578] |
| V. | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE |
| BATESVILLE CASKET COMPANY, INC., AND HUMPHREY FUNERAL SERVICE, INC.<br>APPELLEES | AFFIRMED |

## BRANDON J. HARRISON, Judge

A casket bearing the remains of Frank Clayton lies buried in a Newton County cemetery, where it has been interred for almost twenty years. The casket was manufactured by appellee Batesville Casket Company and was sold in 1996 to Frank's widow, appellant Zelma Magby, and his son, appellant Garry Clayton, by appellee Humphrey Funeral Service.

In 2010, Clayton and Magby sued Batesville and Humphrey based on a belief that the casket's seal had been breached by water. Their complaint contained over a dozen counts and alleged similar problems with other Batesville caskets. Batesville and Humphrey moved to dismiss, citing the statute of limitation and the complaint's failure to plead damages caused by a defect in the Clayton casket. The circuit court dismissed all causes of action with prejudice. We affirm.

SLIP OPINION

In reviewing the grant of a motion to dismiss, we focus on the content of the pleadings and treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Hall v. Jones*, 2015 Ark. 2, 453 S.W.3d 674. We will not reverse unless the circuit court abused its discretion in granting the motion to dismiss. *See id.*

The relevant pleadings in this case began in January 2008 when Clayton joined a class-action suit that had been filed in federal court against Batesville. The case pled that Batesville had guaranteed its caskets to resist penetration by water and other gravesite substances and that, because that guarantee was false, Batesville had violated the Arkansas Deceptive Trade Practices Act (ADTPA), breached warranties and contracts, committed fraud, and been unjustly enriched. On 1 October 2009, Clayton voluntarily nonsuited his federal-court case.

Less than a year later, on 30 September 2010, Clayton and Magby sued Batesville and Humphrey in Pope County Circuit Court, pleading most of the same counts that had been raised in the dismissed class-action suit—violation of the ADTPA, breach of warranty, breach of contract, and fraud. They also added several other causes of action: negligent design; negligent manufacturing; strict liability; outrage; violation of property rights involving a corpse (which was part of the strict-liability count); violation of a Federal Trade Commission (FTC) order; violation of "the funeral rule," a federal regulation aimed at funeral providers; and civil action by a crime victim, pursuant to Arkansas Code Annotated section 16-118-107 (Supp. 2013). Their complaint essentially alleged that they had purchased a Batesville casket from Humphrey in 1996, that the

casket was warranted not to leak for forty years after interment, and that they "learned that they may have been defrauded" in 2005 after becoming aware of other incidents involving Batesville's caskets.

Because the Clayton casket was purchased in 1996 and the state-court complaint was not filed until 2010, Batesville and Humphrey moved to dismiss based on the statutes of limitation—which ranged from three to five years on the claims pled in the complaint. Clayton and Magby responded that they could not have discovered their claims until 2006 (a date set forth in an amended complaint) given Batesville's and Humphrey's fraudulent concealment. *See Hipp v. Vernon L. Smith & Assocs., Inc.*, 2011 Ark. App. 611, 386 S.W.3d 526 (holding that fraudulent concealment suspends the running of the statute of limitation until such time as the plaintiff discovers the fraud or should have discovered it by reasonable diligence).

The circuit court took up the issues and immediately trimmed three counts from Clayton and Magby's complaint: violation of the FTC order for want of a private cause of action; violation of the funeral rule for want of a private cause of action; and civil action by a crime victim for want of conduct that constituted a crime. Clayton and Magby do not challenge these dismissals on appeal, so we affirm them without further discussion.

The circuit court then turned to the statute-of-limitation questions and ruled that Clayton and Magby failed to plead facts showing fraudulent concealment by Batesville and Humphrey. Consequently, in orders dated 30 March 2012, the court dismissed most of Clayton and Magby's claims as time-barred. The only exceptions were the claims that Clayton had voluntarily dismissed in his federal-court case—violation of the ADTPA,

breach of warranty, breach of contract, and fraud. The court reasoned that Clayton's refiling of those claims within one year after their being nonsuited saved them from being dismissed. *See* Ark. Code Ann. § 16-56-126 (Repl. 2005) (the Arkansas Savings Statute).

Clayton and Magby asked for reconsideration and a chance to amend their complaint, despite having already amended it at least twice. The court allowed yet another amendment and emphasized that, if Clayton and Magby were to avoid a time-bar, they must plead facts showing Batesville's and Humphrey's fraudulent concealment. Clayton and Magby filed a third amended complaint, which stated that, due to fraudulent concealment, Clayton had not learned of his claims until 2006. The complaint did not say when Magby learned of her causes of action.

The court was generally satisfied that Clayton and Magby's amendment made a case for fraudulent concealment. Nevertheless, in an order entered on 14 January 2013, the court dismissed most of their claims. The court ruled that, because Clayton had pled that he learned of his claims in 2006, the September 2010 complaint was too late to preserve his counts for negligent design, negligent manufacturing, breach of warranty, strict liability, fraud, outrage, and violation of property rights involving a corpse, all of which carried either three-year or four-year statutes of limitation. The court left standing Clayton's claims for breach of contract and violation of the ADTPA, which were subject to five-year statutes of limitation. As to Magby, the court dismissed all of her claims because the complaint did not specify when she became aware of them.

At this point, the presiding judge, Judge Kenneth Coker, transferred the case to Judge Dennis Sutterfield for administrative reasons. Judge Sutterfield reviewed the entire

4

case and entered an order on 24 May 2013 that dismissed all of Clayton and Magby's claims with prejudice. Judge Sutterfield stated that he agreed with the earlier, partial dismissal by Judge Coker but that, in addition, "none of the causes of action should survive because sufficient facts have not been plead to establish actual injury or damages to the plaintiffs." More precisely, he ruled that "there have been no facts set forth in the plaintiffs' pleadings which establish any actual defects or failure of the casket involved in this lawsuit which resulted in any harm, injury or recoverable damages to the plaintiffs." Clayton and Magby appealed.

We begin with Judge Sutterfield's ruling that Clayton and Magby failed to plead facts showing any harm from a defect or failure in the casket they purchased. The essential law of pleading is that a plaintiff's complaint must contain a statement in ordinary and concise language of facts showing the pleader is entitled to relief. *Dockery v. Morgan*, 2011 Ark. 94, 380 S.W.3d 377; Ark. R. Civ. P. 8(a) (2014). A complaint must state facts, not mere conclusions, and is subject to dismissal for failure to state facts on which relief can be granted. *Hall*, *supra*; Ark. R. Civ. P. 12(b)(6) (2014).

The original complaint in this case (which was incorporated into all amended complaints) scattered various allegations against Batesville and Humphrey throughout its twenty-four pages and ninety-one paragraphs. It alleged that the Clayton casket had "defects" and that Batesville and Humphrey misrepresented the casket's resistance to water. Also, the complaint referenced what may be termed general design flaws found in Batesville caskets, stating that: "Plaintiffs became aware that other 'leak-proof' caskets marketed, sold, and distributed by the Defendants under warranties and/or with

representations similar to, if not identical to, those made to them . . . did in fact leak"; the defective caskets caused "tremendous emotional pain and suffering and financial loss to the families of those buried therein"; and "it was widespread knowledge throughout the casket/funeral industry that these so-called 'sealer' caskets did in fact begin to leak almost immediately" and "hastened the natural decomposition of the human body." The damages pled by Clayton and Magby included mental anguish, mutilation of a corpse, and the difference between the value of the casket they were promised and the value of the casket they actually purchased.

We construe the complaint liberally, resolving all reasonable inferences in its favor. *Ballard Group, Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, 436 S.W.3d 445. Yet, even under this lenient standard, the complaint here does not meet Arkansas's fact-pleading standard.

A complaint is subject to dismissal if it fails to state general facts on which relief can be granted, or fails to include specific facts pertaining to one or more of the elements of the plaintiff's claim (after accepting all facts in the complaint as true and viewing them in the light most favorable to the plaintiff). *See Smith v. Eisen*, 97 Ark. App. 130, 245 S.W.3d 160 (2006). We must look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled—specific facts are required. *Dockery v. Morgan*, 2011 Ark. 94, 380 S.W.3d 377.

Clayton and Magby's complaint is devoid of specific facts showing that an identifiable defect existed in the particular casket that they purchased and that the defect caused their alleged damages. A conclusory statement that a product is defective is not

sufficient; some factual support is required. *See West v. Searle & Co.*, 305 Ark. 33, 806 S.W.2d 608 (1991). If a plaintiff asserts that he has been damaged, then his complaint must state facts that link his damages to the conduct of, or product supplied by, the defendant. That link was not established in this case.

The complaint also fails to include facts pertaining to all elements of the causes pled. An essential element of Clayton and Magby's tort claims is that their damages were the result of a defect in the specific casket that holds the remains of their decedent. *See Pace v. Davis*, 2012 Ark. App. 193, 394 S.W.3d 859 (causation is an element of negligence); Ark. Code Ann. § 4-86-102 (Repl. 2011) (same for strict liability); Ark. Code Ann. § 4-88-113(f) (Repl. 2011) (violation of the ADTPA); *Overturff v. Read*, 2014 Ark. App. 473, 442 S.W.3d 862 (fraud); *Coombs v. J.B. Hunt Transp., Inc.*, 2012 Ark. App. 24, 388 S.W.3d 456 (outrage). Similarly, an essential element of Clayton and Magby's breach-of-contract and breach-of-warranty claims is that the sellers' performance or the condition of the particular casket sold to them did not conform to the warranty or contract. *See Forever Green Ath. Fields, Inc. v. Lasiter Constr. Co.*, 2011 Ark. App. 347, 384 S.W.3d 540; AMI Civ. 2401 (2014) (breach of contract); *F.L. Davis Bldrs. Supply, Inc. v. Knapp*, 42 Ark. App. 52, 853 S.W.2d 288 (1993) (breach of implied warranties); Ark. Code Ann. § 4-2-714 (Repl. 2001); AMI Civ. 1012 (2014) (breach of express warranty).

Clayton and Magby's complaint states no facts that connect a defect in the particular casket they purchased to any damages they alleged. This is due, in no small part, to the fact that they have no way of knowing the condition of the casket they purchased; it has not been disinterred or inspected since its burial in 1996. Facts in a complaint are

treated as true, but a plaintiff's theories or speculation are not. *Hamby v. Health Mgmt. Assocs., Inc.*, 2015 Ark. App. 298, ___ S.W.3d ___. The circuit court did not abuse its discretion in dismissing the complaint as factually deficient.

We turn now to Clayton and Magby's claim that the circuit court erred in dismissing their complaint without allowing them to plead further. Rule 15 of the Arkansas Rules of Civil Procedure encourages liberal amendment of pleadings, although an amendment may be denied where the court determines that prejudice would result to the other party or that the disposition of the cause would be unduly delayed. Ark. R. Civ. P. 15(a). Similarly, Arkansas Rule of Civil Procedure 12(j) provides that "if appropriate" a party will be given a chance to plead further following a dismissal. Still, the circuit court is vested with broad discretion in allowing or denying amendments. *Deer/Mt. Judea Sch. Dist. v. Kimbrell*, 2013 Ark. 393, 430 S.W.3d 29.

Clayton and Magby filed their original complaint, plus other amended complaints, before suffering significant dismissals on 30 March 2012. Thereafter, they were given a final chance to amend their complaint to avoid dismissal. They duly made the amendment but still were unable to fully remedy their pleading deficiencies. Given these circumstances, Clayton and Magby were not deprived of a chance to amend their complaint and avoid a dismissal.

Along this same line, Clayton and Magby contend that Judge Sutterfield's dismissal should have been without prejudice. But the two-dismissal rule, Arkansas Rule of Civil Procedure 41, works against them. When Judge Sutterfield dismissed the case, each of Clayton and Magby's claims had previously been dismissed, either through a voluntary

nonsuit or for failure to state a cause of action or plead facts to avoid the statute of limitation. A second dismissal operates as an adjudication on the merits and is with prejudice. *See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); Ark. R. Civ. P. 41(b). Some causes of action in this case had actually been dismissed more than once, and could have been dismissed with prejudice earlier. In any event, Judge Sutterfield's final dismissal with prejudice was correct under the two-dismissal rule. *See Ballard*, *supra*; *Smith*, *supra*.

Our decision makes it unnecessary to address the parties' arguments regarding the statute of limitation or the alternate reasons for affirmance put forth by Batesville and Humphrey.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

*The Boyd Law Firm*, by: *Charles Phillip Boyd, Jr.*, for appellant.

*Kutak Rock LLP*, by: *Jess Askew III* and *Teresa Wineland*, for appellee Bastesville Casket Company, Inc.

*The Streett Law Firm, P.A.*, by: *Alex G. Streett*, *James A. Street*, and *Robert M. Veach*, for appellee Humphrey Funeral Service, Inc.